Citation Nr: 1508810 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 07-17 731 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), to include as secondary to service-connected disabilities.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

R.M.K., Counsel

INTRODUCTION

The Veteran served on active duty from July 1981 through July 2001.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

The Veteran testified during a July 2010 videoconference hearing before the undersigned Veterans Law Judge. A transcript of this testimony is associated with VBMS.

When this case was most recently before the Board in July 2013, it was remanded for additional evidentiary development. It has since been returned to the Board for further appellate action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board regrets that another remand is required in this case.

The Veteran contends that service connection is warranted for an acquired psychiatric disorder, to include PTSD; depressive disorder, not otherwise specified (NOS); anxiety disorder; adjustment disorder; and generalized mood disorder.

In July 2013 the Board remanded this matter for further claims development. In pertinent part, the Board directed that the Veteran be afforded a new VA psychiatric examination to determine the nature and etiology of his current acquired psychiatric disorders. 38 C.F.R. § 3.159(c) (4).

In response to this remand directive, the AOJ cited the findings of an August 2012 VA examination in the April 2014 supplemental statement of the case (SSOC). 

A Remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the Board's remand order. Stegall v. West, 11 Vet. App. 268, 270-71 (1998). As the July 2013 remand orders were not complied with, and in accordance with Stegall, remand for full compliance with the Board's prior remand is warranted. Id. The Board finds that the claim must be remanded to afford the Veteran a new VA examination which addresses the questions asked in the prior remand.

Accordingly, the case is REMANDED for the following action:

1. Arrange for the Veteran to undergo a VA mental disorders examination, to be performed by a psychiatrist or psychologist at a VA medical facility. The electronic claims file must be made available to the individual designated to examine the Veteran. All appropriate tests and studies should be accomplished and all clinical findings should be reported in detail. The examiner is requested to address the following:

a. If a diagnosis of PTSD is deemed appropriate, the examiner must identify the specific stressor(s) underlying the diagnosis, and should comment upon the link between the current symptomatology and the Veteran's verified stressor(s). The Veteran asserts that he felt he was harassed in service by a first sergeant. The examiner should describe whether there is evidence of behavioral changes or other markers that in the opinion of the examiner represent signs, events, or circumstances indicating that the Veteran's claimed stressor of harassment occurred. If such marker evidence is found in the record, the examiner should provide an opinion whether it is at least as likely as not (a probability of 50 percent or greater) that the stressor is related to the Veteran's current PTSD symptoms.

b. With respect to disorders other than PTSD, the examiner should address whether the psychiatric symptoms, which have been variously diagnosed as depressive disorder, anxiety disorder, adjustment disorder, and a mood disorder due to a general medical condition, at least as likely as not (i.e., there is a 50 percent or greater probability) began in or are related to service.

c. With respect to the diagnosis of generalized mood disorder due to a general medical condition (see VA treatment record dated in November 2011) and other diagnosed psychiatric disorders, please provide an opinion as to whether it is at least as likely as not that such disorders are due to or caused by a service-connected disability or disabilities. The Veteran's service-connected disabilities are arthralgia and possible impingement syndrome of the left shoulder, subluxation of the right shoulder, right ankle sprain and temporomandibular joint condition.

d. Also, is it at least as likely as not that a current psychiatric disorder including generalized mood disorder due to a general medical condition is aggravated (i.e., worsened) beyond the natural progress by a service-connected disorder.

The examiner should set forth all examination findings along with complete rationale for the conclusions reached.

2. After completion of the above development, the issue on appeal should be readjudicated. If the determination remains adverse to the Veteran, he and his representative should be furnished with an SSOC and be given an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).